Arlene SUNDIMAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74233.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided June 21, 2004.

Alma Cobos–Ayala, Law Offices of Cobos & Ayala, Patrick Joseph Sandoval,

Esq., Gallagher/Sandoval, PLC., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David V. Bernal, Attorney, M. Jocelyn Wright, Esq., Jennifer A. Parker, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Arlene Sundiman, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying her application for asylum and her request for withholding of removal. We deny the petition for review.

Substantial evidence supports the BIA's conclusion that Sundiman did not suffer past persecution on account of her ethnicity or religion in Indonesia. The BIA correctly observed that Sundiman was not harmed in Indonesia. It is true that she was forced to hide in her family's home for three days during riots in Jakarta in May of 1998, that she was in attendance when her church was burned during the riots, and that she received a threat from an employee. Nevertheless, for a petitioner to establish past persecution, she must establish "that the mistreatment she suffered ... was substantially more grievous in kind or degree than the general manifestation of hostility between ... competing ethnic and religious groups...." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196

(9th Cir.2000) (alteration in original) (quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998)). Aside from the threat from an employee, Sundiman did not point to any act of persecution that targeted her as an individual. While the threat may have indicated future danger, substantial evidence supports the conclusion that it was not so menacing, in the absence of any threatening actions, to constitute past persecution by itself. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'"). In sum, we cannot say that a reasonable fact-finder would have been compelled to find past persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

On the record before us, Sundiman did not establish that Chinese Christians were subject to systematic government-sanctioned mistreatment, as required to demonstrate a "pattern or practice" of persecution in Indonesia. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A)-(B).

Substantial evidence also supports the BIA's conclusion that Sundiman does not have a well-founded fear of future persecution if she were to return to Indonesia. The relevant State Department Country Report supports this conclusion, as does the fact that Sundiman's mother has remained in Indonesia and continued to attend her church without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (quoting *Mendez–Efrain v. INS*, 813 F.2d 279, 282 (9th Cir.1987)) ("An applicant's claim of persecution upon return

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is weakened, even undercut, when similarly-situated family members continue to live in the country without incident...."). As Sundiman failed to demonstrate eligibility for asylum, she also necessarily failed to meet the more stringent evidentiary standard required for withholding of removal. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**